NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLAUDIO BERNARDINO,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>SANDOVAL, Correctional Officer;<br>MOSLEY, Correctional Officer,<br><br>          Defendants-Appellees. | No. 17-56682<br><br>D.C. No. 3:15-cv-01143-H-BGS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted June 12, 2018[**]

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

California state prisoner Claudio Bernardino appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal claims arising from the search of his cell. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm.

The district court properly dismissed Bernardino's access-to-courts claim because Bernardino failed to allege facts sufficient to show that he suffered an actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 348-55 (1996) (requiring factual allegations showing actual injury in order to state an access-to-courts claim).

The district court properly dismissed Bernardino's medical deliberate indifference claim because Bernardino failed to allege facts sufficient to show that defendants were deliberately indifferent to his vision needs.  *See Toguchi v. Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (setting forth elements for a deliberate indifference claim).

The district court properly dismissed Bernardino's property deprivation claim because Bernardino failed to allege facts sufficient to show that a meaningful post-deprivation remedy was unavailable to him.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that an intentional deprivation of property does not violate due process if a meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

The district court did not abuse its discretion by denying Bernardino leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

Bernardino's request for miscellaneous relief (Docket Entry No. 15) is denied.

**AFFIRMED.**